IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY HAMMOND, )<br>)<br>　　　　　Plaintiff, )<br>)<br>　vs. )<br>)<br>DEPT CORRECTIONS OF PENN/ALBION, )<br>SCI GRATERFORD/DOC OF PA, MAXINE )<br>OVERTON (Health Care Administrator), )<br>CHRISTINE ZIRKLE (RNS), DANIEL )<br>TELEGA (Physician's Assistant), OFFICER )<br>JABLONSKI (Correction Officer), )<br>MALINDA ADAMS (Superintendent), )<br>)<br>　　　　　Defendants. ) | Civil Action No. 10-267E<br>Magistrate Judge Maureen P. Kelly |

## **MEMORANDUM ORDER**

Gregory Hammond ("Plaintiff") is a prisoner at the State Correctional Institution at Albion ("SCI-Albion"). He has sent a two page undated letter to this Court. In the letter, Plaintiff seeks "an injunction against the Dentist Department at SCI-Albion to compell [sic] them to provide the much needed care for my teeth." Correspondence at p. 2. Specifically, he complains about, *inter alia*, not receiving necessary dental care on or about August 19, 2011, when he informed the dentist about an infectious disease. Plaintiff complains that he is being discriminated against and that he needs to have his emergent dental needs addressed expeditiously.

The difficulty with Plaintiff's claim is that, in the operative Complaint filed on February 15, 2011, ECF No. [11], Plaintiff made no claims against the Dental Department at SCI-Albion and indeed made no claims concerning his dental treatment. The general rule is that one may not seek injunctive relief for claims not made in the operative complaint. Ball v. Famiglio, 396

F.App'x 836, 837 (3d Cir. 2010) ("there must be 'a relationship between the injury claimed in the party's motion [for injunctive relief] and the conduct asserted in the complaint.'") (quoting <u>Little v. Jones</u>, 607 F.3d 1245, 1251 (10th Cir. 2010)) (some internal quotations deleted); <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.");  <u>Williams v. Platt</u>, NO. CIV-03-281, 2006 WL 149024, at *2 (W.D.Okla. Jan. 18, 2006) ("The complaint addresses two matters at the Logan County Jail . . . . In his requests for injunctive relief, the Plaintiff addresses matters at a separate facility . . . . A preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint.") (footnotes omitted).

Because Plaintiff seeks injunctive relief, concerning claims not made in the Complaint, and against individuals who are not parties to the Complaint, the letter motion for injunctive relief cannot be considered absent the filing of a supplemental complaint.

The Court hereby deems the letter to be a motion for leave to file a supplemental complaint and a request for an injunction.  We hereby order the Clerk's office to file the letter as such.  The deemed Motion for Leave to File a Supplemental Complaint is GRANTED.  Plaintiff is to file his supplemental complaint, complaining of the dental treatment, no later than November 1, 2011.   The Defendants are to file a response to Plaintiff's request for injunction no later than November 10, 2011.

/s/  Maureen P. Kelly
United States Magistrate Judge

Date:   October 17, 2011

cc:     Gregory Hammond
        JL-5438
        SCI Albion
        10745 Rt. 18
        Albion, PA 16475

        All counsel of record via CM/ECF